UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
## 24-20094-CR-WILLIAMS/GOODMAN
CASE NO. _____
18 U.S.C. § 1343
18 U.S.C. § 982(a)(2)

**UNITED STATES OF AMERICA**

vs.

**RODNEY MCCLAIN,**

    **Defendant.**

_____/

FILED BY ___MP___ D.C.

Mar 14, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted March 27, 2020, to provide emergency financial assistance to Americans suffering economic harms from the COVID-19 pandemic. One source of relief provided through the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program called the Paycheck Protection Program ("PPP").

2. To obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to provide, among other

things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

3. Businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses. In general, an employer is obligated to report to the Internal Revenue Service ("IRS"), with an IRS Form 941, the number of salaried employees who receive IRS W-2s.

4. A PPP loan application had to be processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were fully guaranteed by the Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, listed number of employees, and the reports and documents regarding the business's income and expenses, were transmitted by the lender to the SBA in the course of processing the loan.

5. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

**The Financial Institutions**

6. Bank 1 was a financial institution based in Salt Lake City, Utah, with deposits insured by the Federal Deposit Insurance Corporation ("FDIC"). Bank 1 was an approved SBA lender of PPP loans.

7. Bank 2 was a financial institution based in Sioux Falls, South Dakota, with deposits insured by the FDIC.

### The Defendant and Related Entity

8. Dreams Come True Records LLC ("DCTR") is a Florida limited liability company with its listed address in North Miami Beach, Florida.

9. **RODNEY MCCLAIN** is a resident of Fulton County, Georgia, and, at all relevant times, the owner and registered agent of DCTR.

### WIRE FRAUD
### (18 U.S.C. § 1343)

From in or around May 2020, through in or around June 2020, in Miami-Dade County, in the Southern District of Florida, and in Fulton County, in the Northern District of Georgia, and elsewhere, the defendant,

### RODNEY MCCLAIN,

did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Sections 1343 and 2.

### PURPOSE OF THE SCHEME AND ARTIFICE

10. It was a purpose of the scheme and artifice for the defendant to unlawfully enrich himself by, among other things: (a) submitting and causing the submission of a false and fraudulent

3

PPP loan application, and (b) diverting fraud proceeds for his personal use and benefit.

## Manner and Means

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included the following:

11. **RODNEY MCCLAIN** submitted and caused to be submitted, via interstate wire communication, a fraudulent PPP loan application on behalf of DCTR, which loan application included a false total number of employees, payroll expenses, and revenue.

12. In furtherance of the scheme, **RODNEY MCCLAIN** submitted and caused to be submitted in support of the PPP loan application false and fraudulent documentation, including false and fraudulent IRS Forms 940 and 941.

13. As a result of the false and fraudulent PPP loan application submitted as part of the scheme, Bank 1 disbursed approximately $600,157 in PPP loan funds into a Bank 2 bank account controlled by **RODNEY MCCLAIN**.

14. **RODNEY MCCLAIN** unlawfully diverted the PPP loan funds for his personal use and benefit.

## USE OF THE WIRE

15. On or about May 11, 2020, in Miami-Dade County, in the Southern District of Florida and in Fulton County, in the Northern District of Georgia, and elsewhere, the defendant, **RODNEY MCCLAIN**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted by

means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, that is, a wire transfer in the amount of approximately $600,157 from Bank 1 to Bank 2 account ending in 2139, in the name of DCTR and controlled by the defendant, causing a wire transmission from outside of Georgia to the Northern District of Georgia.

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **RODNEY MCCLAIN**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly to such offense, pursuant to Title 18, United States Code, Section 982(a)(2).

4. The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of approximately $113,413.76, which represents the total amount of funds involved in or derived from the alleged offense and may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p). Such substitute property includes, but is not limited to, the following:

    i.    Any and all rights in the defendant's musical compositions (the melody and lyrics), including the copyrights and proprietary rights therein and in any and all versions of said musical composition, and any renewals and extensions thereof (whether presently available or subsequently available as a result of intervening legislation) in the United States of America and elsewhere throughout the world, and further including any and all causes of action for infringement of the same, past, present and future, all of the proceeds from the foregoing accrued and unpaid hereafter accruing.

    ii.    Any and all rights in the defendant's sound recordings (Master Recordings), including the copyrights and proprietary rights therein and in any and all versions of said sound recordings, and any renewals and extensions thereof (whether presently available or subsequently available as a result of intervening legislation) in the United States of America and elsewhere throughout the world, and further including any and all causes of action for infringement of the same, past, present and future, all of the proceeds from the foregoing accrued and unpaid hereafter accruing.

    iii.    Any and all rights in any and all other papers which may be required to

6

effectuate the transfer of ownership of the musical compositions and sound recordings in the above paragraphs i and ii, respectively.

All pursuant to Title 18, United States Code, Section 982(a)(2) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
EMILY R. STONE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 24-20094-CR-WILLIAMS/GOODMAN

v.

RODNEY MCCLAIN,

_____/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami    ☐ Key West    ☐ FTP
☐ FTL      ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I   ☒ 0 to 5 days                   ☐ Petty
   II  ☐ 6 to 10 days                  ☐ Minor
   III ☐ 11 to 20 days                 ☐ Misdemeanor
   IV  ☐ 21 to 60 days                 ☒ Felony
   V   ☐ 61 days and over
6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of N/A
10. Defendant(s) in state custody as of N/A
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Emily R. Stone
Assistant United States Attorney
FL Bar No.    92077

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** Rodney McChin

**Case No:** _____

Count #: 1

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): N/A**
* **Max. Supervised Release: 3 years**
* **Max. Fine: The greater of $250,000 or twice the gross loss or gain**

\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>RODNEY MCCLAIN,<br><br>*Defendant* | )<br>)  Case No.<br>)  **24-20094-CR-WILLIAMS/GOODMAN**<br>)<br>) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

Paul Petruzzi
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*